1

2

3

4                                UNITED STATES DISTRICT COURT

5                               NORTHERN DISTRICT OF CALIFORNIA

6

7    STACEY KATZ BROWN,                        Case No.  24-cv-00044-PCP

                     Plaintiff,
8
                                               **ORDER GRANTING MOTION TO**
9           v.                                 **DISMISS**

10   CITY OF SAN JOSE, et al.,                 Re: Dkt. No. 46

                     Defendants.
11

12

13          In this civil rights action, plaintiff Stacey Katz Brown alleges that the mayor of San José

14   Matthew Mahan and his chief of staff James Reed violated her Fourteenth Amendment due

15   process rights by disseminating false statements accusing her of leaking Mayor Mahan's planned

16   vice-mayoral nominee and denying her an opportunity to respond and clear her name. According

17   to the first amended complaint, defendants' conduct so stigmatized Brown as to prevent her from

18   obtaining new employment for more than a year. Defendants move to dismiss Brown's claims

19   under Rule 12(b)(6), contending that she fails to state a valid cause of action. For the reasons that

20   follow, the Court grants defendants' motion without leave to amend and with prejudice.

21                              **PROCEDURAL BACKGROUND**[1]

22          Defendants previously moved to dismiss Brown's original complaint under Rule 12(b)(6).

23   The Court granted defendants' motion with leave to amend, finding in relevant part that Brown

24   failed to state a constitutional stigma-plus claim against Mahan and Reed.

25          Brown thereafter filed the operative first amended complaint, removing her claim against

26

27   ---
     [1] The general allegations giving rise to this case are set forth in this Court's order granting
     defendants' motion to dismiss Brown's original complaint. *See* Dkt. No. 38. For the purposes of
28   defendants' Rule 12(b)(6) motion, the Court assumes the truth of the allegations in Brown's first
     amended complaint and relies upon those allegations as relevant below.

United States District Court
Northern District of California

1    the city of San José but not otherwise changing her allegations significantly. Defendants contend

2    that Brown failed to address the defects of her original complaint and that it should be dismissed

3    for the same reasons.

4                                                    **LEGAL STANDARD**

5           Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain

6    statement of the claim showing that the pleader is entitled to relief." If the complaint does not do

7    so, the defendant may move to dismiss the complaint under Federal Rule of Civil Procedure

8    12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the

9    reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

10   U.S. 662, 677–78 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint

11   lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

12   *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule

13   12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

14   on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

15          In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the

16   complaint as true and construe the pleadings in the light most favorable" to the non-moving party.

17   *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal

18   conclusions "can provide the [complaint's] framework," the Court will not assume they are correct

19   unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept

20   as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

21   inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell*

22   *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

23                                                       **ANALYSIS**

24          "[T]o lodge a cause of action under § 1983, [Brown] must establish that Defendants,

25   (1) acting under color of State law, (2) caused (3) Plaintiff[ ], as [a] U.S. citizen[ ] or person[ ]

26   within the jurisdiction of the United States, (4) a deprivation of rights, privileges, or immunities

27   secured by the Constitution and laws." *Chaudhry v. Aragon*, 68 F.4th 1161, 1171 (9th Cir. 2023).

28          Brown again premises her Section 1983 claim on alleged deprivations of procedural due

United States District Court
Northern District of California

2

process in violation of the Fourteenth Amendment. Brown was an at-will employee of the City of San José and does not contend that she had any property interest in her position with the City. Rather, she alleges that defendants deprived her of a liberty interest—her ability to obtain employment in her chosen profession—without due process. Courts have recognized certain narrow circumstance under which an individual's liberty interest in their "standing and associations in [the] community" can trigger the requirements of due process. *Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013) (cleaned up). "[T]he liberty interests protected by the Fourteenth Amendment are implicated only when the government's stigmatizing statements effectively exclude the employee completely from her chosen profession. Stigmatizing statements that merely cause 'reduced economic returns and diminished prestige, but not permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession' do not constitute a deprivation of liberty." *Id.*

"[T]o prove a deprivation of rights under § 1983 pursuant to a 'stigma-plus' due process claim, Plaintiffs must establish: (1) the public disclosure of a stigmatizing statement by a state actor; (2) the accuracy of which is contested; (3) plus the denial of some more tangible interest. Failure to establish any of these enumerated elements will defeat Plaintiffs' 'stigma-plus' due process claim under § 1983." *Chaudhry*, 68 F.4th at 1171.

## I.     Brown's first amended complaint fails to state a claim upon which relief can be granted.

As explained in this Court's prior order, to state a stigma-plus claim under the Fourteenth Amendment, the "stigma imposed must be severe and genuinely debilitating…. the stigma must seriously damage a person's reputation or significantly foreclose his freedom to take advantage of other employment opportunities." *Hyland v. Wonder*, 972 F.2d 1129, 1141 (9th Cir. 1992) (cleaned up). "Accusations of dishonesty or immorality are sufficiently stigmatizing to implicate a liberty interest, but less severe accusations must be analyzed on a case-by-case basis, and allegations of mere incompetence or inability are not sufficient." *Blantz*, 727 F.3d 917, 925 n.6 (9th Cir. 2013).

The Ninth Circuit has provided guidance as to the kinds of stigmatizing statements that do

and do not implicate liberty interests. *Campanelli v. Bockrat*, 100 F.3d 1476 (9th Cir. 1996), for example, involved accusations against UC Berkeley's head basketball coach. *Id.* at 1477. After his termination, articles reported that the athletic director and vice-chancellor had fired him because he engaged in "profane and abusive" conduct:

> In claiming that the defendants' statements rose to the level of imposing stigma, Campanelli alleges, *inter alia*, that: Bockrath publicly stated "the reason for Campanelli's firing was verbal personal abuse"; Boggan told the press Campanelli "tore the kids down" and had put so much pressure on Jason Kidd, that Kidd became physically ill; and Washington Post writer Tony Kornheiser reported Bockrath's and Boggan's comments by calling Campanelli "'an abusive bully' who 'cursed his players incessantly,'" and did psychological damage to the players. Through the newspaper articles appended to and incorporated into Campanelli's first amended complaint, Campanelli alleges, *inter alia*, that Bockrath described Campanelli's players as "beaten down and in trouble psychologically."

*Id.* at 1479 (cleaned up). The Ninth Circuit held that these allegations gave Campanelli "at least a fair chance of proving that the defendants placed a stigma on his name by singling him out as a coach who crossed the line dividing acceptable from unacceptable behavior in coaching." *Id.* at 1480. This is because "a finder of fact could possibly construe the defendants' statements as accusing Campanelli not just of yelling and cursing at his players, but of engaging in a campaign of abuse devoid of any constructive purpose, calculated instead simply to inflict harm." *Id.* In so holding, the Ninth Circuit suggested that accusations that Campanelli yelled or cursed at players—while they might implicate Campanelli's character—would not alone be sufficient to support a claim that defendants stigmatized his name. Rather, it was "Campanelli's allegations that the defendants charged him with deliberately abusing the 'kids' in his charge through incessant, malicious attacks that resulted in psychological damage" that "could be proven to constitute charges of immorality." *Id.*

Conversely, in *Hyland v. Wonder*, 972 F.2d 1129 (9th Cir. 1992), the Ninth Circuit held that accusations that a public employer accessed and disclosed confidential information were not sufficiently stigmatizing to implicate the Due Process Clause. *Hyland* involved accusations against

United States District Court
Northern District of California

a former volunteer with a city juvenile probation department. The plaintiff alleged that the juvenile hall director, after plaintiff's termination from the volunteer position, told a newspaper, "Just ask Hyland why he can't be a peace officer in the State of California" and contacted the governor demanding that the plaintiff's pardon be denied because "Hyland allegedly had unethically released to the public confidential information from juvenile court files." *Id.* at 1133. Accusations of this nature, the Ninth Circuit held, "[were] insufficiently egregious to activate the protections of the Due Process Clause." *Id.* at 1142. The Ninth Circuit approved the district court's reasoning that the "federal Constitution is not concerned with every insult hurled in the heat of an employment dispute." *Id.* According to the Ninth Circuit, although certain "charges may make [someone] somewhat less attractive to future employers," this possibility was "not enough to implicate the Due Process Clause." *Id.*

As pleaded in Brown's first amended complaint, the accusations against Brown remain that she leaked the planned nominee for vice mayor to Mahan's political opponent after the election.[2] As the Court explained in its prior order,

> under *Campanelli* and *Hyland*, this accusation did not call Brown's character into question to a degree sufficient to implicate a protected liberty interest. Brown argues that the accusations against her suggested moral turpitude because charges that she leaked confidential information cast her as someone who could not be trusted. While such charges might implicate her character and trustworthiness generally, as in *Hyland* they are "not the types of charges of immorality, or dishonesty that can cripple an individual's ability to earn a living." *Hyland*, 972 F.2d at 1142. Indeed, the accusation that Brown leaked a planned vice mayor nominee after a political election is far less stigmatizing than the accusation that Hyland had accessed and released confidential juvenile records, and might very well be understood as a frequent occurrence in the rough-and-tumble world of politics. While defendants' statements may have made Brown "less attractive" to future employers, without more they do not implicate a liberty interest protected by the Due Process Clause.

---

[2] Brown's first amended complaint adds a conclusory allegation characterizing these facts as "unfounded accusations of dishonesty and breach of fiduciary duty, as well as other attacks on her moral character." FAC ¶ 39. The Court focuses on the actual alleged accusation against Brown, which remains unchanged in her first amended complaint, rather than her newfound characterization of those same facts.

*Brown v. City of San Jose*, 748 F. Supp. 3d 793, 799 (N.D. Cal. 2024).

Because the first amended complaint involves the very same accusation against Brown that this Court previously concluded was insufficiently stigmatizing to give rise to any due process-protected liberty interest, her first amended complaint, like her original complaint, fails to state a valid 'stigma-plus' due process claim under Section 1983. *See Chaudhry*, 68 F.4th at 1171.[3]

Brown's claims against the individual defendants also fail because it is apparent from the face of the complaint that the defendants are entitled to qualified immunity. Qualified immunity shields state and local officials from § 1983 liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To overcome this immunity, a plaintiff must prove both "that (1) the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The reasonableness of the officers' conduct is assessed against "the backdrop of the law at the time" of the alleged violation. *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). Officials "'are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue.'" *Rosenbaum v. City of San Jose*, 107 F.4th 919, 924 (9th Cir. 2024) (quoting *Kisela*, 584 U.S. at 10). There need not be a Supreme Court or circuit court case directly on point, but the caselaw "must have placed the statutory or constitutional question beyond debate." *Id.* (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)).

Brown has not identified any relevant precedents from which the defendants could have reasonably concluded that the statements at issue and their subsequent dissemination implicated a

---

[3] Brown's initial complaint alleged that "Brown ha[d] [ ] been unable to obtain employment," while her first amended complaint specifies that she "suffered a protracted interruption of gainful employment for more than a year after her termination, as she had been unable to obtain a new job in her chosen profession during that time." FAC ¶ 40. This allegation does not alter the Court's analysis that the accusation that she prematurely leaked the vice mayor nominee was insufficiently stigmatizing and "unlikely to result in the permanent exclusion or protracted interruption of gainful employment." *Hyland*, 972 F.2d at 1142 (noting that whether the plaintiff actually secured a new position quickly is "not dispositive"); *see also Blantz*, 727 F.3d at 925 ("[S]tigmatizing statements do not deprive a worker of liberty unless they effectively bar her from *all* employment in her field." (emphasis in original)).

United States District Court
Northern District of California

liberty interest sufficient to trigger due process protections. To the contrary, given *Hyland*'s conclusion that significantly more stigmatizing accusations do *not* trigger due process protection, existing precedent if anything suggested to the defendants that no name-clearing hearing was required under the circumstances presented here.

### CONCLUSION

Because it fails to state a valid claim against any of the remaining defendants, Brown's first amended complaint is dismissed without leave to amend and with prejudice.

**IT IS SO ORDERED.**

Dated: March 18, 2025

P. Casey Pitts
United States District Judge